IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JIMMY JACKSON LITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05CV0002 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Beaty, District Judge.

This matter is before the Court on Defendant's Motion for Summary Judgment [Document #4] and Plaintiff's Motion to Declare Invalid [Document #9]. Plaintiff Jimmy Jackson Little ("Plaintiff") brings this action pursuant to 26 U.S.C. § 6330, challenging a determination by the Internal Revenue Service ("IRS") to levy against his property to collect penalties imposed on him pursuant to 26 U.S.C. § 6702 for filing frivolous income tax returns. For the reasons discussed in greater detail below, Defendant's Motion for Summary Judgment [Document #4] will be granted, Plaintiff's Motion to Declare the IRS Determination Invalid [Document #9] will be denied, and this case will be dismissed with prejudice.[1]

---

[1] The Court notes that Plaintiff has also sought judicial review of a separate IRS determination regarding tax years 1998, 1999 and 2000, designated in this Court as case number 1:04CV00406. The Court has considered Plaintiff's appeals separately, although many of the issues raised by Plaintiff are the same in each appeal. Therefore, the Court has also issued a separate, but similar, opinion addressing Plaintiff's similar claims in 1:04CV00406.

I.   FACTUAL BACKGROUND

Plaintiff submitted income tax returns for 2001 and 2002 showing no income and no tax liability, even though attached documentation established taxable income for those years. In support of his "zero returns," Plaintiff attached several pages of "anti-tax" arguments to each return. As a result, IRS imposed a $500.00 penalty for the 2001 return and a $500.00 penalty for the 2002 return.[2]  Payment was requested on December 23, 2002 for 2001 and on September 15, 2003 for 2002.

On February 27, 2004, IRS sent Plaintiff a Notice of Intent to Levy and Notice of Right to a Hearing with regard to the frivolous return penalties for 2001 and 2002. Plaintiff requested an administrative hearing, and his case was assigned to Appeals Officer Michael Polson, who had no previous involvement in the case. In his request for a hearing, Plaintiff raised only "anti-tax" arguments, including contentions that income tax is unconstitutional, that he is not a corporate entity and is not subject to privilege or excise tax, that the IRS agents with whom he dealt were not lawful delegates of the Secretary of the Treasury, that he is not a Government employee and therefore not subject to levy, that he has not contracted with the IRS or the U.S. Government, and that no validly enacted statute makes him liable for any income tax. Each of these arguments has been addressed at length by the IRS in the publication "The Truth About

---

[2] IRS also imposed a second $500.00 penalty for 2001 that was later waived when it was determined that Plaintiff had not resubmitted an additional frivolous return for that tax year. Therefore, the total penalty ultimately assessed was one $500.00 penalty for 2001 and one $500.00 penalty for 2002.

Frivolous Tax Arguments." Plaintiff was referred to that publication and was again offered the opportunity for a face-to-face hearing if he had any non-frivolous arguments or issues to discuss at the hearing. Plaintiff failed to raise any such issues, and the hearing was therefore scheduled via telephone conference.

On October 8, 2004 and October 29, 2004, Appeals Officer Polson sent letters to Plaintiff explaining these policies and scheduling the telephone hearing for November 4, 2004. In these letters, Appeals Officer Polson again gave Plaintiff the opportunity for a face-to-face hearing if he raised any relevant issues. Plaintiff sent reply letters to Appeals Officer Polson, but did not raise any additional issues other than the general "anti-tax" arguments he had previously raised. Plaintiff did not appear for the telephone conference. Appeals Officer Polson notified Plaintiff of his failure to appear and gave Plaintiff an additional opportunity to provide any additional information in his case, including an additional telephone conference on November 22, 2004. Plaintiff sent another letter reiterating his prior "anti-tax" arguments, and raised those same arguments during his telephone conference with Appeals Officer Polson on November 22, 2004. Plaintiff also insisted upon recording the telephone conference, which Officer Polson refused. Because Plaintiff only raised anti-tax arguments and never provided the IRS Appeals office with relevant grounds challenging the assessment of the penalty or collection alternatives, no face-to-face hearing was held. On December 7, 2004, IRS issued a Notice of Determination upholding the frivolous return penalties for 2001 and 2002.

3

Plaintiff subsequently brought this civil action pursuant to 26 U.S.C. § 6330 challenging the IRS determination. In this action, Plaintiff challenges the frivolous penalty assessment imposed pursuant to 26 U.S.C. § 6702. Plaintiff also contends that IRS failed to comply with the statutory requirements for hearings and appeals, in part because Plaintiff was not given a face-to-face hearing. In support of his contentions, Plaintiff again raises many of the "anti-tax" arguments outlined above. Defendant has moved for summary judgment, contending that there is no genuine issue of material fact with respect to these issues, and that Plaintiff's claims are baseless as a matter of law.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is considered "material" if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). There can be "no genuine issue as to any material fact" if the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case," since "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). As a result, the Court will only enter summary judgment in favor of the moving party when "'the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that

the [nonmoving] party cannot prevail under any circumstances.'" Campbell v. Hewitt, Coleman & Assocs., 21 F.3d 52, 55 (4th Cir. 1994) (quoting Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co., 381 F.2d 245, 249 (4th Cir. 1967)). When ruling on a summary judgment motion, the Court "view[s] the evidence in the light most favorable to the non-moving party, granting that party the benefit of all reasonable inferences." Bailey v. Blue Cross & Blue Shield, 67 F.3d 53, 56 (4th Cir. 1995). The moving party bears the initial "burden of establishing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law." Catawba Indian Tribe v. South Carolina, 978 F.2d 1334, 1339 (4th Cir. 1992) (en banc). In applying this standard in the present case, the Court must first turn to a consideration of the applicable statutory scheme.

III. APPLICABLE INTERNAL REVENUE CODE PROVISIONS

Under 26 U.S.C. § 6702, the IRS may assess a civil penalty of $500.00 against anyone who "files what purports to be [an income tax] return," but which "does not contain information on which the substantial correctness of the self-assessment may be judged" or contains "information that on its face indicates that the self-assessment is substantially incorrect," and is based on "a position which is frivolous." 26 U.S.C. § 6702. The test for frivolousness under § 6702 is an objective test which applies when an individual's position has "no basis in fact or law." Gillett v. United States, 233 F. Supp. 2d 874, 881 (W.D. Mich. 2002). If IRS assesses a penalty pursuant to § 6702, IRS may begin collection activity as allowed by statute, including filing liens and levies

5

against the individual's property. However, before IRS can issue a levy against any of the individual's property, IRS must follow certain procedures as outlined in 26 U.S.C. § 6330.

Under § 6330, taxpayers are entitled to written notification of the IRS's intent to levy, an opportunity for an independent hearing by the IRS Appeals Office, and judicial review of the Appeals Office's determination. See 26 U.S.C. § 6330. At the Appeals Office hearing, the taxpayer is entitled to raise any relevant issue, including offers of collection alternatives and challenges to the underlying tax liability if the individual did not previously have an opportunity to dispute such tax liability. See 26 U.S.C. § 6330(c)(2)(A).

The IRS Appeals Officer must then verify that all applicable statutes and procedures have been followed and satisfied, and must consider any relevant arguments raised by the taxpayer. The Appeals Officer will then make a determination as to "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any necessary collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3). Based on these considerations, the Appeals Office will then issue a final determination. If the taxpayer is not satisfied with the determination by the IRS Appeals Office, the taxpayer may appeal the determination to the Tax Court, or in cases involving assessments

over which there is no Tax Court jurisdiction, to the U.S. district court.³  See 26 U.S.C. § 6330(d)(1).

There is no stated standard of review in § 6330(d) for courts to use in reviewing the determination made by the IRS Appeals Office.  However, courts have generally adopted an abuse of discretion standard in cases where the existence of the underlying tax liability is not at issue.  See, e.g., Dogwood Forest Rest Home, Inc. v. United States, 181 F. Supp. 2d 554, 560 (M.D.N.C. 2001); MRCA Information Servs. v. United States, 145 F. Supp. 2d 194, 199 (D. Conn. 2000); see also H.R. Conf. Rep. No. 599, 105th Cong., 2d Sess. 266 (1998) ("Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for an abuse of discretion.").  If, however, the taxpayer is properly challenging the underlying liability, the Court should undertake a de novo review of IRS's determination.  See Dogwood Forest, 181 F. Supp. 2d at 560; MRCA, 145 F. Supp. 2d at 199; Turner v. United States, 372 F. Supp. 2d 1053, 1057 (S.D. Ohio 2005); Lemieux v. United States, 230 F. Supp. 2d 1143, 1146 (D. Nev. 2002).

In cases such as the present case where the IRS determination is based on assessment of a frivolous return penalty pursuant to § 6702, the penalty itself is the "underlying liability." See

---

³ The Tax Court has determined that it does not have jurisdiction over frivolous penalty assessments imposed pursuant to 26 U.S.C. § 6702.  See Van Es v. Commissioner, 115 T.C. 324, 328-29 (U.S. Tax Ct. 2000).  Therefore, the U.S. District Courts have exercised jurisdiction over appeals brought pursuant to 26 U.S.C. § 6330 where the appeal involves only frivolous tax return penalties imposed pursuant to § 6702.  See Gillett, 233 F. Supp. 2d at 882; Lemieux v. United States, 230 F. Supp. 2d 1143, 1145 (D. Nev. 2002); Yuen v. United States, 290 F. Supp. 2d 1220, 1223 (D. Nev. 2003).

7

Turner, 372 F. Supp. 2d at 1056; Gillett, 233 F. Supp. 2d at 883; Lemieux, 230 F. Supp. 2d at 1145; Yuen v. United States, 290 F. Supp. 2d 1220, 1224 (D. Nev. 2003). In such cases, the assessment at issue is the $500.00 penalty, not any underlying tax deficiency. Plaintiff did not have a prior opportunity to dispute the assessment of the $500.00 penalty, and therefore the assessment of the penalty itself was properly before the Appeals Office for review and is also a proper subject of judicial review pursuant to § 6330. Under the rule articulated above, because the underlying liability is properly at issue, the Court's review of the IRS determination is de novo.

IV. ANALYSIS

In the present case, IRS imposed penalties on Plaintiff for submitting frivolous returns in violation of 26 U.S.C. § 6702. Plaintiff's income tax returns for 2001 and 2002 showed "0" income and "0" tax liability, even though attached documentation showed taxable income for those years. In support of his "zero returns," Plaintiff attached several pages of "anti-tax" arguments to each return. In this respect, the Court notes that multiple other courts have upheld such a penalty assessment in similar cases where taxpayers filed a "zero return" based on various "tax protester" arguments. See, e.g., Gillett, 233 F. Supp. 2d at 881 ("Numerous federal courts have upheld the imposition of the $500.00 sanction by the IRS pursuant to 26 U.S.C. § 6702(a), where, as here, a tax form is filed stating that an individual had no income, but the attached W-2 forms show wages, tips, or other compensation of greater than zero.") (collecting cases); Sullivan v. United States, 788 F.2d 813, 815 (1st Cir. 1986); Holker v. United States, 737 F.2d 751, 752 (8th

8

Cir. 1984); Lemieux, 230 F. Supp. 2d at 1146; Yuen, 290 F. Supp. 2d at 1224.  Plaintiff has failed to raise any genuine issue of material fact with respect to the imposition of this penalty, and the Court finds that Plaintiff's 2001 and 2002 returns were clearly frivolous on their face. Therefore, the Court concludes as a matter of law that the frivolous return penalties were properly assessed in this case.

Plaintiff contends, however, that the IRS determination is nevertheless invalid because IRS failed to follow the § 6330 statutory requirements for hearings and appeals, particularly because it failed to provide him with an in-person face-to-face hearing.  Under 26 U.S.C. § 6330(b), if a person requests a hearing, "such hearing shall be held by the Internal Revenue Service Office of Appeals."  The statute does not require that the hearing be held in person, and the applicable regulations specifically state that these hearings are "informal in nature" and "do not require the Appeals officer . . . to hold a face-to-face meeting." See 26 CFR § 301.6330-1(d). IRS will generally provide an opportunity for an in-person hearing if requested by the taxpayer. See 26 CFR § 301.6330-1(d).  However, IRS regulations also provide that the Appeals Office will not consider failure or refusal to comply with tax laws because of moral, religious, political, constitutional, conscientious, or similar grounds.  See 26 CFR § 601.106(b); see also 26 U.S.C. § 6330(c)(2)(A) (providing that a taxpayer may raise "any relevant issue" at the hearing).

In further defining when in-person hearings will be conducted, the IRS Internal Revenue Manual provides that "[f]ace-to-face conferences will no longer be offered or allowed for taxpayers who only raise frivolous issues, or other issues that Appeals does not consider such as

9

those concerning moral, constitutional, religious, conscientious, political or similar grounds." Internal Revenue Manual § 8.6.1.2.5. The Manual further provides that "[t]axpayers who do not qualify for face-to-face conferences will instead be offered their choice of a telephone conference or a conference by correspondence. . . . In addition, such taxpayers, with issues deemed frivolous, who still desire a face-to-face conference will be allowed an opportunity to raise specific relevant issues. . . . Taxpayers who raise specific relevant issues and provide necessary information will be allowed a face-to-face conference and will be allowed to audio record such conference." Id. During a hearing, if "the taxpayer ceases discussion of specific relevant items and reverts to frivolous or groundless issues, the conference is to be ended after the Appeals employee advises the taxpayer that the issues are frivolous or groundless and Appeals will not discuss them." Id. When advising taxpayers that a face-to-face conference will not be provided for "frivolous" arguments, IRS specifically refers taxpayers to "The Truth About Frivolous Tax Arguments," an IRS publication outlining common frivolous tax arguments.

Courts considering this issue have concluded that the statute and regulations are met if IRS offers the taxpayer an opportunity for a face-to-face hearing if the taxpayer has any relevant issues to discuss. See, e.g., Tilley v. United States, 270 F. Supp. 2d 731, 740 (M.D.N.C. 2003) ("Neither the Internal Revenue Code nor the Constitution requires a person-to-person hearing before a levy determination is made, and even a hearing by correspondence is sufficient to satisfy due process. In this case, because [petitioner] was given the opportunity for a telephone conference in which he discussed the substance of his case with an Appeals Officer, he received

10

the process due under § 6330 and the Constitution.  Therefore, his claim must be denied as a matter of law."), aff'd, 85 Fed. Appx. 333 (4th Cir. 2004); Turner v. United States, 372 F. Supp. 2d 1053, 1058 (S.D. Ohio 2005) (holding that "[b]ecause the communication between Turner and the IRS consisted of written documentation, an offer of a scheduled telephone hearing, and an opportunity for an in-person hearing if Turner wished to raise relevant issues pertaining to the tax penalty, . . . the Appeals Office of the IRS did not violate Turner's right to a fair hearing as prescribed by 26 U.S.C. § 6330."); Quigley v. United States, 358 F. Supp. 2d 427, 431 (E.D. Pa. 2004) (holding that hearing requirements were met where "Plaintiff was, in fact, offered a face-to-face hearing, on the condition that he be 'prepared to discuss issues relevant to paying [his] tax liability.'").

In the present case, IRS followed the procedure outlined above.  Specifically, IRS provided Plaintiff with multiple opportunities to raise specific issues related to his penalty assessment or collection alternatives, but Plaintiff raised only general "anti-tax" arguments that were included in the IRS "Frivolous Tax Arguments" publication. Plaintiff was specifically offered the opportunity for a face-to-face hearing if he raised any relevant issues.  Plaintiff was also invited to participate in two scheduled telephone conferences, he did in fact participate in one telephone conference, and he was given multiple opportunities to provide written materials and responses.  Thus, Plaintiff was clearly provided with the opportunity for a face-to-face hearing if he raised any relevant issues, and was also provided with multiple opportunities to be heard and present his arguments via telephone and correspondence.  In these circumstances, the

11

Court concludes that Plaintiff was not entitled to the indulgence of an expensive, time-consuming in-person hearing if the sole issues he intended to raise were frivolous "anti-tax" arguments that have been considered and rejected by the courts. See Gillett, 233 F. Supp. 2d at 883 ("In any event, plaintiff's arguments regarding why he was not obligated to pay taxes have been expressly rejected by the federal courts. The hearing officer was not required to respond to such well-worn and frivolous arguments."). Such was the case here. Therefore, the Court concludes that the hearing provided by IRS in this case was sufficient to satisfy Plaintiff's due process rights under the Constitution and § 6330, and Plaintiff's challenge on this basis fails as a matter of law.[4]

Plaintiff's remaining contentions with respect to the hearing and appeals process are equally meritless. Plaintiff contends that he was entitled to record the telephone conference that was held on November 22, 2004, and that the hearing was invalid because he was prohibited from recording it. However, the applicable statutes and regulations do not confer any right to record a telephone conference conducted as part of a collection due process hearing. See 26 CFR § 301.6330-1(d) (noting that a transcript or recording of a § 6330 hearing is not required); Internal Revenue Manual § 8.6.1.2.5 (noting that audio recording of conferences will be allowed at face-

---

[4] The Court also notes, however, that the regulations at 26 CFR § 301.6330-1 would require IRS to offer a face-to-face hearing in any case where the taxpayer raises any relevant issues. In this regard, the Court notes that while IRS is not required to provide in-person hearings as to every general "tax protestor" raising frivolous and well-worn contentions, that latitude should not be used to short-cut the appeals process for those taxpayers raising relevant issues, even if those issues are ultimately determined to be baseless.

12

to-face hearings, but not at telephone hearings where only frivolous and non-relevant issues are raised); Yuen, 290 F. Supp. 2d at 1225-26 (noting that "[a] collection due process hearing is not compulsory and is initiated . . . by the Plaintiff" and where Plaintiff at the hearing only seeks to raise issues that are "frivolous under well-settled law, he has no right to record his collection due process hearing"). Therefore, the Court concludes that in this case, where Plaintiff attempted to raise only frivolous, anti-tax arguments, Plaintiff was given adequate opportunity for a hearing, despite the fact that he was not able to record his telephone conference with Appeals Officer Polson.

Plaintiff also contends that he did not receive the proper notice and demand required by statute, because the IRS officials who signed the notices and began the levy process were not properly authorized by the Secretary. In this regard, Plaintiff has not raised any genuine issue of material fact with respect to whether the required notice was, in fact, received. Instead, Plaintiff's claim focuses on the contention that the notices were not proper because they were not signed by the Secretary of the Treasury. As noted by another court considering similar issues, "Plaintiff's repeated insistence that he see documents signed by the Secretary of the Treasury, or by a person with a delegation order signed by the Secretary of the Treasury . . . is frivolous." Lemieux, 230 F. Supp. 2d at 1146 n.3. In this case, there is no dispute that Plaintiff received a Notice of Intent to Levy, sent on February 27, 2004, and a Notice of Federal Tax Lien Filing, sent on March 1, 2004, and Plaintiff promptly requested a hearing in response to these Notices. Cf. Tilley v. United States, 270 F. Supp. 2d 731, 739 (M.D.N.C. 2003) (concluding that

13

various documents, including a notice of intent to levy and notice of liens, are sufficient to satisfy the statutory notice and demand requirements, because "the form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required" (internal quotation omitted)), aff'd, 85 Fed. Appx. 333 (4th Cir. 2004). Plaintiff's challenge on this basis fails as a matter of law.

Plaintiff also contends that IRS determination is invalid because the Appeals Officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by § 6330(c)(1). However, § 6330(c)(1) does not require the Appeals Officer to rely upon or provide to the taxpayer a particular document to satisfy this verification requirement. See Craig v. Comm'r of Internal Revenue, 119 T.C. 252, 261-62 (U.S. Tax Ct. 2002). The Plaintiff has not raised any legitimate contentions disputing whether all laws and procedures were in fact met, and there is no genuine issue of material fact with respect to whether Appeals Officer Polson did in fact verify that all laws and procedures had been met. Therefore, Plaintiff's contentions in this regard are baseless. For all of these reasons, the Court concludes that IRS followed all of the applicable statutory requirements with respect to Plaintiff's § 6330 collection due process hearing, and Plaintiff has failed to raise any genuine issue of material fact with respect to whether all of the statutory requirements were in fact met.

In addition, with respect to Plaintiff's various "anti-tax" arguments, the Court has reviewed these contentions and finds them to be completely without merit. All of Plaintiff's

contentions have been considered and specifically rejected by numerous courts. See, e.g., United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994) (noting that "the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation" and "efforts to argue otherwise have been sanctioned as frivolous" (quoting United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990))); Peth v. Breitzmann, 611 F. Supp. 50 (E.D. Wis. 1985) (discussing and rejecting the contentions that only federal officers and employees are subject to the levy provisions of § 6331, that any tax under Title 26 must be an indirect tax upon a right, privilege, or corporate franchise, that wages are not taxable income, and that the only "employees" under Title 26 are federal officers and employees or corporate officers); Sullivan, 788 F.2d at 815 (noting that "[c]ourts uniformly have rejected as frivolous the arguments that money received in compensation for labor is not taxable income, or that a person is liable for tax only if he benefits from a governmental privilege" and rejecting as "meritless" the contention that an "employee" includes only government officers and employees or corporate officers) (citations omitted); Gillett, 233 F. Supp. 2d at 883 (rejecting as "frivolous" and "well-worn" the plaintiff's contention that he was entitled to receive documentation of the names, job descriptions, and delegation orders for the individuals who imposed the tax penalty at issue). This Court need not consume additional judicial resources considering these issues again.

In sum, the Court concludes that all of the issues raised by Plaintiff are completely frivolous and baseless. Plaintiff has presented no genuine issue of material fact that would affect the Court's determination. The Court has undertaken a de novo consideration of the evidence,

15

Case 1:05-cv-00002-JAB   Document 14   Filed 11/07/05   Page 15 of 17

taking all of the evidence in the light most favorable to Plaintiff, and the Court concludes that the penalty was properly assessed in this case, and the hearing and appeals process was conducted in accordance with all applicable statutory and regulatory requirements. Therefore, the Court concludes as a matter of law that there is no basis for Plaintiff's claims, and Defendant's Motion for Summary Judgment [Document #4] will be granted. In addition, the Court notes that additional sanctions may be imposed by the Court in appropriate circumstances against parties who abuse the judicial process by filing multiple, frivolous claims. In this case, the Court will not impose additional sanctions against Plaintiff at this time, but Plaintiff is hereby warned that further litigation based on these frivolous and baseless claims will result in additional penalties being assessed against him by the Court.

V.     CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff has failed to raise any genuine issue of material fact with respect to the assessment of the frivolous return penalty pursuant to 26 U.S.C. § 6702 or the conduct of the hearing and appeals process pursuant to 26 U.S.C. § 6330. Plaintiff's claims therefore fail as a matter of law. In addition, the Court finds that the various "anti-tax" arguments raised by Plaintiff are frivolous and completely baseless. Therefore, Defendant's Motion for Summary Judgment [Document #4] will be granted. As a result, Plaintiff's Motion to Declare Invalid [Document #9] will be denied, and this case will be dismissed with prejudice. Furthermore, Plaintiff is hereby warned that further litigation based

on these frivolous and baseless claims will result in additional penalties being assessed against him by the Court.

An Order and Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 7th day of November, 2005.

_____
United States District Judge